### No-2,568.

AMOS ROBERTS, Appellant, *v.* G. W. WARE, Respondent.

RESULTING TRUST.—A resulting trust cannot be established in favor of a plaintiff upon a mere allegation of a verbal agreement, to the effect that he was to be jointly interested with defendant in the purchase of the property, and in the absence of any averment, that he paid a portion of the purchase money at the time of the purchase.

APPEAL from the Tenth District Court, County of Colusa.

This is an action to compel a conveyance of one half interest in certain lands, and a flock of sheep, alleged by plaintiff to have been purchased by defendant on their joint account, by virtue of a verbal agreement entered into between them prior to the purchase

The defendant demurred to the complaint, on the following, among other grounds:

*First*—That said complaint did not state facts sufficient to constitute a cause of action.

*Second*—There was no allegation of money having been

paid by plaintiff at any time, for the property described in said complaint.

The demurrer was sustained by the Court, and plaintiff having declined to amend his complaint, judgment was rendered for defendant, and plaintiff appealed.

The other facts are stated in the opinion.

*Belcher & Belcher* and *L. J. Ashford,* for Appellant.

*First*—The facts stated in the complaint show that defendant holds the legal title of the undivided one half of the real and personal property in trust for the plaintiff, and that the agreement is not within the Statutes of Frauds.

*Second*—The defendant agreed to raise the money to make the purchase on the note of plaintiff and himself, and at his suggestion the plaintiff executed and left with him a note to be used for that purpose, on which he said he could and would raise the money. The law presumes that he raised the money he paid on account of the purchase on that note. (*Millard* v. *Hathaway,* 27 Cal. 119; *Settembre* v. *Putnam,* 30 Cal. 490; *Round* v. *Jackson,* 1 How., Miss., 358; *Joggins* v. *Heard,* 31 Miss., 428.)

*Third*—It does not matter whether he advanced the money himself or obtained it from a third party. In either case it was a loan. If he made the advance out of his own funds, he made it to account of the venture, and so intended it, else he was acting in bad faith from the outset, and proposed the making of the note and raising the money on it only as a means of over-reaching and defrauding the plaintiff. (*Hidden* v. *Jorden,* 21 Cal. 92; *Sandfoss* v. *Jones,* 35 Cal. 481.

*Fourth*—The agreement for the purchase of the sheep could not, under any circumstances, be brought within the Statute of Frauds. (*Sandfoss* v. *Jones,* 35 Cal. 481).

*J. O. Goodwin* and *W. F. Good,* for Respondent.

There is no allegation of any money having been paid by plaintiff, at any time, for the property described in the com-

plaint, and the alleged contract being verbal, no trust is raised, or can be implied, but such mere verbal contract is within, and made void, by the Statute of Frauds. (Chapter 1, § 6, Statute of Frauds; Kent's Commentaries, 4th volume, page 305, 4th edition; 2d Story's Eq. Jur., part 1, 201; Hill on Trustees, top page 150; *Boyd* v. *McLean*, 1 Johnson's Ch. Rep., 583; *Botsford* v. *Burr*, 2 Johnson's Ch. Rep., 406 and 414; *Case* v. *Codding*,—decided by this Court and published in the Union July 17, 1869; *Hidden* v. *Jordan*, 21 Cal., 92; *Millard* v. *Hathaway*, 27 Cal., 119; *Curry* v. *Allen*, 34. Cal., 254; *Sandfoss* v. *Jones*, 35 Cal., 481; *Willis* v. *Willis*, 2 Atk., 71; *Irwin* v. *Ivers*, 7 Indiana, 308; *Moran* v. *Hays*, 1 Johnson's Ch. Rep., 339; *Stone* v. *Stone*, 5 Johnson's Ch. Rep., 1; *Bartlett* v. *Peskersgill*, 4 East., 477, note; 7 Cranch, 176); and an almost unbroken line of like authorities from the time Augustus created a special equity jurisdiction to enforce the performance of trusts.

The Statute of Frauds defeats that part of the alleged contract relating to personal property, as well as the other part, upon the ground that it was not to be performed within one year from the alleged making thereof.

RHODES, C. J., delivered the opinion of the Court, CROCKETT, J., and TEMPLE, J., concurring.

The defendant purchased the land and the flock of sheep, paid one half of the purchase money, took the title in his own name, and gave his note, secured by mortgage of the lands, for the remaining half of the purchase money. The plaintiff alleges that it was verbally agreed between him and the defendant that they should be jointly interested in the purchase, and that the title should be taken in the name of the defendant, for the benefit of both of them. It is not alleged that the plaintiff paid any part of the purchase money, but he avers that he signed and delivered to the defendant a promissory note, which was blank as to date, payee, amount and rate of interest, and gave him authority to fill the blanks; and that the note was to be used by the defendant in effecting a loan of money with which to

complete the purchase of the lands and sheep, but that he is not informed whether the note was, in fact, so used by the defendant. The plaintiff seeks to establish a resulting trust in his favor, as to the one half of the lands and sheep.

It is well settled that a resulting trust may be established by parol evidence; and the principle is equally well settled that such a trust will not arise, unless the plaintiff paid the whole or some part of the purchase money, and unless the money so paid formed, at the time, the consideration, or a part of the consideration of the purchase. (*Bottsford* v. *Burr*, 2 John., Ch. 409; *Case* v. *Codding*, 39 Cal. 191; 2 Sto. Eq. Juris., § 1,201; *Hill* on *Trust*, 150.)

The case does not come within the principles of *Boyd* v. *McLean*, (1 John., Ch. 582); and *Millard* v. *Hathaway*, (27 Cal. 119); as in each of those cases it was clearly shown, that the money with which the purchase was made, had been loaned by the defendant to the plaintiff for that purpose, the defendant taking the title as security for the repayment of the loan. The making and delivery of the blank note does not show a loan, and there is no fact in the case pointing to that conclusion.

The pasturage of a portion of the sheep by the plaintiff, his sale of them, and his return of the proceeds to the defendant, together with a sum of his own money, though tending to sustain the averment that the parties had agreed to become jointly interested in the purchase, cannot take the place of an averment, that the plaintiff paid a portion of the purchase money at the time of the purchase; nor would such probative facts sustain that averment had it been made.

Judgment affirmed.