### ROMIE ET AL. *v.* CASANOVA.

Where, in a State court, both parties to a suit for the recovery of the possession of lands claimed under a common grantor whose title under the United States was admitted, and where the controversy extended only to the rights which they had severally acquired under it, — *Held*, that, as no Federal question arose, this court has no jurisdiction.

ERROR to the Supreme Court of the State of California.

This is an action of ejectment, commenced in the District Court for the Third Judicial District of the State of California. That court found as follows: —

"*First*, That on the seventeenth day of December, 1845, Felix

Buelna was alcalde of the pueblo de San José, and, as such, granted and conveyed in fee to Bicenta Padia a lot of land in said pueblo, fifty varas in front and one hundred varas in depth, and on that day measured the same, and delivered to said Padia the possession thereof; and that said Padia shortly afterwards and within one year thereafter enclosed said lot with a fence, and lived upon and cultivated the same.

" *Second,* That afterwards, and before the commencement of this action, said Bicenta Padia sold and conveyed said lot of land to defendant, Teresa Casanova; and that she is now, and was at the time of the commencement of this action, and ever since has been, the owner in fee thereof.

" *Third,* That said lot so granted and conveyed to said Padia is situated in the city of San José, within the boundaries named in the complaint herein, immediately south of the lot known as the Ceseña lot, and formerly known as the Buelna lot, and latterly occupied by Meserve, fronting on the old Monterey road fifty varas, and extending back one hundred varas westerly.

" *Fourth,* That, at the time of the commencement of this action, defendant, Teresa Casanova, with her husband, Francisco Casanova (now deceased), was in possession of said lot of land granted and delivered to said Padia, but not of any other part of the premises described in the complaint of plaintiff.

" *Fifth,* That the present city of San José is the former pueblo de San José; that the title of said city to the lands within her boundaries, claimed under grant from the Spanish government, has been finally confirmed to said city by the courts and authorities of the United States.

" *Sixth,* That defendant, Teresa Casanova, is now, and was at the commencement of this action, the owner in fee of the said lot of land granted to Padia, and located as aforesaid; and that the plaintiffs are not and never were the owners, nor was any one of them the owner thereof or any part thereof."

The court found, as conclusions of law, that plaintiffs were not entitled to judgment against defendant, Teresa Casanova, for the premises sued for, or any part thereof, and that said defendant, Teresa Casanova, was entitled to judgment against plaintiffs for her costs, and that she is the owner of said premises occupied by her as above described; and gave judgment accordingly.

On appeal to the Supreme Court of the State of California,

the judgment of the District Court was affirmed: whereupon the plaintiffs sued out this writ of error.

Submitted on printed arguments by *Mr. S. O. Houghton* and *Mr. John Reynolds* for the plaintiffs in error, and by *Mr. John A. Grow*, *contra*.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

No Federal question is presented by the record in this case. The action was brought to recover the possession of certain lands. Both parties claimed title from the city of San Jose; and the question to be determined was, which of the two had actually obtained a grant of the particular premises in controversy. The title of the city was not drawn in question. Even if it depended upon the treaty of Guadaloupe Hidalgo and the several acts of Congress to ascertain and settle private land claims in California, the case would not be different. Both parties admit that title, and their litigation extends only to the determination of the rights which they have severally acquired under it.                    *The writ is dismissed.*