### MᴄSTAY ET AL. *v.* FRIEDMAN.

Where, in ejectment for a part of the lands confirmed to the city of San Francisco by an act of Congress, the validity and operative effect of which were not questioned, the judgment of the Supreme Court of the State of California was adverse to the defendant, who endeavored to make out such possession as would, under the operation of the city ordinance and the act of the legislature, transfer, as he claimed, the title of the city to him, — *Held*, that this court has no jurisdiction.

MOTION to dismiss a writ of error to the Supreme Court of the State of California.

*Mr. Aaron A. Sargent* for the defendant in error, in support of the motion.

*Mr. W. Irvine, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was an action of ejectment brought by Friedman to recover the possession of a certain parcel of the Pueblo lands confirmed to the city of San Francisco by the act of Congress passed March 8, 1866 (14 Stat. 4).  He did not attempt to connect himself with the city title, but relied entirely upon his alleged prior possession and that of his grantors.

The defendants, who are the plaintiffs in error, set up in their answer, as defences, (1) adverse possession, with specifi-

cations to bring themselves within the operation of the Statute of Limitations; and (2) the title of the city of San Francisco under the act of Congress, and an assignment of that title to themselves, pursuant to the provisions of an ordinance of the city and an act of the legislature of California.

At the trial no question was raised as to the validity or operative effect of the act of Congress. The effort on the part of the plaintiffs in error seems to have been (1) to establish their defence under the Statute of Limitations; and (2) to prove such possession as would, according to their claim, transfer the city title to them under the operation of the city ordinance and the act of the legislature.

No Federal question was involved in the decision of the Supreme Court. The city title was not drawn in question. The real controversy was as to the transfer of that title to the plaintiffs in error; and this did not depend upon the " Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States." The case is, therefore, in all essential particulars, like that of *Romie et al.* v. *Casanova*, 91 U. S. 379; and the writ must be

*Dismissed for want of jurisdiction.*