## Case No. 5,281.

### GAY v. LYONS et al.

[3 Woods, 56.] [1]

Circuit Court, E. D. Louisiana. April Term, 1877.

REMOVAL OF CAUSES — PROCEEDING TO TEST THE VALIDITY OF MARSHAL'S SALE.

1. A plaintiff who has a suit in a state court in which there is a controversy between him and a citizen of the same state touching the title to a tract of land, cannot remove the case to the federal court merely because he claims title under a sale made by the United States marshal upon a fieri facias issued from the federal court.

2. Such a case cannot be removed unless the validity or effect of the judgment, or the proceedings and sale under which the plaintiff claims title, is brought in question.

This cause came on to be heard upon the motion of the defendants [G. Lyons and others] to remand the case to the district court for the fifteenth judicial district, where the action had been originally brought, and from which the plaintiff had removed it.

The petition filed in the state court represented that Edward J. Gay, the plaintiff, on June 5, 1875, became the purchaser at a sale made by the United States marshal, by virtue of an execution issued from this court on a judgment rendered therein, in the case of James Brown v. John Nelson, of a certain Acadia plantation, situated in the parishes of Lafourche and Terbonne; that the marshal made and delivered to him a deed for the lands so purchased, which was duly recorded in the proper offices in said parishes; that in executing said judgment and completing the proceedings, the marshal in accordance with the requirements of article 708 of the Louisiana Code of Practice, directed and required the recorders of said two parishes to release all mortgages standing recorded in said parishes against said Acadia plantation, and the recorder of the parish of Terbonne having refused to erase said mortgages, the said plaintiff, Edward J. Gay, Edward J. Gay, Jr., and Samuel Cranwell, composing the firm of E. J. Gay & Co., had

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

filed in this court a bill against all parties in whose name any mortgage or privilege stood recorded in said parish of Terbonne, and particularly against Flavillus S. Good and H. M. Johnson, the recorder of said parish, in which bill they averred that they were the owners of said property, and prayed that the said defendants thereto might be compelled to erase and cancel all said mortgages, and that it might be decreed and determined that the mortgage and vendor's lien recognized in said judgment of James Brown v. John Nelson were the superior lien on said property, and the price at which said property was sold not being sufficient to meet the whole of the vendor's privilege and mortgage, to have it decreed that all other mortgages should be erased. The petition averred that said case was still pending in the state court. The petition in the case under consideration, further alleged that the plaintiff, Edward J. Gay, immediately after said adjudication by the marshal on June 5, 1875, as aforesaid, went into possession of the property sold to him and remained in quiet possession thereof until the sheriff of the parish of Terbonne, to wit, the defendant, G. Lyons, disturbed his possession by seizing certain portions of said plantation which were particularly described; that said seizure was made by virtue of a writ of fieri facias issued from the district court of the fifteenth judicial district of the state of Louisiana in the suit of F. S. Good v. John Nelson and Others. The petition claimed and averred that said seizure and all the proceedings of the sheriff and said Good under said judgment were illegal and an infringement on the rights of plaintiff, (1) because the property having been sold and conveyed to the plaintiff as aforesaid, and his deed having been recorded before Good issued his fieri facias, and plaintiff being in possession under his purchase and deed, his deed and conveyance could not be treated as a nullity, and until said sale was set aside no seizure could be made, and (2) that if any nullity existed the same was relative only and depended on the questions and issues raised in said bill filed by the said members of the firm of E. J. Gay & Co., and that all proceedings of said Good against said property should be suspended until said issues are determined by the court. The petition further alleged that the claim of James Brown on which said property was seized and sold, was the paramount claim against said property, and had preference over the claim set up by Good; that the claim of James Brown on which the property was sold was a partnership debt of the firm of Nelson & Donelson, and said property was sold as partnership property of said firm, and that the claim of Good was an individual claim against some of the heirs of one of the members of said firm; that Nelson & Donelson were partners in planting in the state of Louisiana; that they purchased as such partners the said

Acadia plantation, and the notes on which the suit of James Brown v. John Nelson and Others was based represented the vendors' privilege, and were superior to all claims and pretensions of said Good; that Good and those under whom he claimed had notice of the existence of the outstanding claim for a part of the purchase price of said Acadia plantation. The petition then proceeded to allege various grounds on which it was claimed that the writ of fieri facias issued at the instance of Good was without warrant of law, and could not be executed. The petition prayed for the writ of injunction enjoining and prohibiting the said Lyons as sheriff, and the said Good from selling the said property until the further order of the court. The injunction as prayed for in the petition was allowed by the state court and served. Afterwards, and before any answer of the defendant had been filed, the plaintiff filed his petition for the removal of the cause to this court and tendered his bond as required by law. The state court refused the application for removal. Nevertheless, the plaintiff, having obtained a transcript of the record, filed it in this court. Thereupon, the defendant moved to remand the cause to the state court, and upon this motion the case was heard.

John Finney, H. C. Miller, and Lyman Harding, for motion to remand.

J. R. Beckwith and Barrow & Pope, contra.

WOODS, Circuit Judge. The ground upon which the motion to remand is based is that this is not a case of which the court has jurisdiction, all the parties being citizens of the state of Louisiana. To this the plaintiff, conceding the fact that the controversy is not between citizens of different states, replies that it is a case "arising under the constitution and laws of the United States," and is therefore removable to this court under section 2 of the act of March 3, 1875 (18 Stat. 470). The plaintiff's claim is that his rights rest on judgments of the United States circuit courts. He avers that "the validity of the judgments depends on the laws of the United States creating the circuit courts; so far as the claim of plaintiff rests on sales, the validity of the sale depends on the laws regulating the proceedings in execution of the judgment, and these are federal and not state laws. Without the laws of the United States creating the circuit court, fixing its jurisdiction, providing for issuing execution, the officers to execute the same, and prescribing the manner and effect of said execution, the plaintiff's rights would never have arisen at all."

To give full effect to this line of argument, it would follow that whenever a person buys real or personal estate at a sale made by a United States marshal by virtue of a judgment of a United States court, that court has ever after jurisdiction over all controversies

arising in relation to the title of the property sold, without respect to the citizenship of the parties to the suit. If the marshal sells a tract of land to A, and B sets up title to it, claiming under an older and better title than that derived from the marshal's sale, the argument is that the case presented is one arising under the laws of the United States. Such a position is not tenable. Now, in the case under consideration, the plaintiff sets up title by virtue of the marshal's sale to himself of the premises in controversy. It does not appear that the validity of this sale, or of the proceedings of the marshal antecedent to the sale, or of the judgment under which the sale was made, is at all questioned. What the answer of the defendant may be it is impossible to know until it is filed. So far as we can gather from the petition, the claim of Good may rest on the fact that he has an older and better lien on the premises, or that he had no notice of the vendor's lien under which the plaintiff claims priority. The dispute seems to be between citizens of Louisiana concerning the rank and priority of mortgages; matters settled by the law of Louisiana, and to be construed and take effect according to that law. At all events it does not appear that the validity of the judgment or proceedings and sale under which the plaintiff claims is at all called in question. Clearly until such question is raised, the case, when it is between citizens of the same state, cannot be removed to the federal court on the ground that it is one arising under the constitution and laws of the United States.

In the case of Dupasseur v. Rochereau, 21 Wall. [88 U. S.] 130, the court said, "that when a state court refuses to give effect to the judgment of a court of the United States, rendered upon the point in dispute, and with jurisdiction of the case and parties, a question is undoubtedly raised which, under the act of 1867, may be brought to this court for review. The case would be one in which a title or right is claimed under an authority exercised under the United States, and the decision is against the title or right so set up. It would thus be a case arising under the laws of the United States establishing the circuit court and giving it jurisdiction, and hence it would be within the judicial power of the United States as defined by the constitution." But it is plain from this language that, if the state court did not refuse to give effect to the judgment of the federal court, the United States supreme court would not entertain jurisdiction. And so, unless the effect of the judgment and proceedings of a federal court are brought into controversy in a suit in a state court, there is no ground for removal.

It has been expressly held by the supreme court of the United States, in McStay v. Friedman, 92 U. S. 723, that it had no jurisdiction of a case brought up on writ of error to the supreme court of California, where, in ejectment for a part of the lands confirmed to the city of San Francisco by an act of congress, the validity and operative effect of which were not questioned, the judgment of the state supreme court was adverse to the defendant, who endeavored to make out such possession as would, under the operation of the city ordinance and the act of the legislature, transfer, as he claimed, the title of the city to him. See also Romie v. Casanova, 91 U. S. 379. In the case of Trafton v. Nougues [Case No. 14,134], Sawyer, Circuit Judge, held that only suits involving rights dependent on a disputed construction of the constitution and laws of the United States could be transferred from the state to the federal courts under the clause "arising under the constitution and laws of the United States," of section 2 of the act of March 3, 1875, to determine the jurisdiction of the United States courts, etc.

I am of opinion, therefore, as it does not appear from the record that there are any rights in this case dependent on a disputed construction of either the constitution or laws of the United States, nor that the effect of the judgment of a federal court is called in question in the state court, that this court has not jurisdiction of the case, and the motion to remand it should prevail. Ordered accordingly.