[Department One. — June 15, 1883.]

JOHN HUNT, JR., EXECUTOR OF THE WILL OF GEORGE
F. SHARP, DECEASED, APPELLANT, v. JOSEPH S.
FRIEDMAN, RESPONDENT.

RESULTING TRUST. — A resulting trust must grow out of the facts existing at the
time of the conveyance, and cannot arise from a mere parol agreement that the
purchase shall be for the benefit of another.

DECLARATION OF TRUST. — The plaintiff sought to establish a declaration of trust,
and relied upon the following document: "Received, San Francisco, May 27,
1880, of Wm. H. Sharp, Esq., three hundred and sixty-eight and fifty one-hun-
dredth dollars, being his proportion of his tax and outside land assessment, to
be paid by me to Alexander Austin, tax collector. The land known as the
Fleischaker Tract." This receipt was signed by the defendant. *Held*, that the
document does not on its face manifest or prove a trust, and that the evidence in
the case does not show that it was the intention of the parties in executing it to
declare one.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*McAllister & Bergin,* for Appellant.

A trust resulted in favor of Sharp. (*Osborn* v. *Endicott,* 6
Cal. 153; *Friedlander* v. *Johnson,* 2 Woods, 675; *Malin* v.
*Malin,* 1 Wend. 649; *White* v. *Sheldon,* 4 Nev. 287.)

The receipt is sufficient to constitute a declaration of trust.
(*Sime* v. *Howard,* 4 Nev. 482; Brown on Statute of Frauds,
§ 104; *Gomez* v. *Tradesman's Bank,* 4 Sand. 108; Tiffany &
Bullard on Trusts, 354; Perry on Trusts, § 82; *Wylie* v. *Coxe,*
15 How. 415; *Lone* v. *Colman,* 8 Mon. B. 569; *Hoffman* v.
*Vallejo,* 45 Cal. 572; *Seymour* v. *Freer,* 8 Wall. 213.)

*Robinson, Olney & Byrne,* and *E. J. Pringle,* for Respondent.

The receipt does not manifest and prove a trust. (Perry on
Trusts, § 83; *Cook* v. *Barr,* 44 N. Y. 156; *Smith* v. *Matthews,*
3 De Gex, F. & J. 139; *Steere* v. *Steere,* 5 Johns. Ch. 1; Car-
hart's Appeal, 78 Pa. St. 100; *Johnson* v. *Granger,* 51 Tex. 44;
*Barickman* v. *Kuykendall,* 6 Blackf. 21; *Kay* v. *Curd,* 6 Mon.
B. 100; *Scarritt* v. *St. Johns M. E. Church,* 7 Mo. App. 178.)

No trust resulted in favor of Sharp. (1 Perry on Trust, 2d ed. § 133; *Remington* v. *Campbell*, 60 Ill. 516; *Case* v. *Codding*, 38 Cal. 191; *Coles* v. *Allen*, 64 Ala. 98; Lewin on Trusts, 5th ed: 132.)

McKEE, J.—On the 16th of January, 1872, J. S. Friedman, in an action wherein he was plaintiff, and Peter Donahue and others were defendants, recovered judgment for the possession of certain lands and premises in the city and county of San Francisco. The judgment was affirmed by the Supreme Court of the State on the 4th day of February, 1875, and ultimately by the Supreme Court of the United States by the dismissal of an appeal taken to that court (92 U. S. 723); after which Friedman was restored to the possession of the lands. On the 5th day of January, 1878, Friedman, in an action wherein he was plaintiff, and Alexander Austin was defendant, also recovered a money judgment, as compensation for some portion of the lands, recovered by the former judgment, which had been taken by the city of San Francisco for a public park, and the amount of the judgment was paid over to him on the 22d of January, 1878.

In the lands and moneys recovered by these judgments, W. H. Sharp claimed to be the equitable owner of an undivided one third interest, which he transferred to George H. Sharp, the testator of the appellant who brought this action to have Friedman declared a trustee of such interest for his benefit, upon the grounds, as urged upon the argument of the case on appeal, that a resulting trust for the benefit of W. H. Sharp arose out of the transaction, between him and Friedman, by which the latter purchased and acquired the title to the lands, and that he afterwards executed a declaration of trust for the benefit of the former.

But the only allegations of trust specified in the complaint are: "That during the several periods of time hereinbefore alleged said defendant Friedman held, and still holds in trust for plaintiff, the legal title for the interest of the plaintiff and his predecessor in the several parcels of land; that on May 27, 1870, defendant Friedman did duly execute and acknowledge in writing that W. H. Sharp was the equitable owner and entitled

to an undivided one third part in and to the same." This is but a statement of an express trust. Yet, under these allegations, evidence was given of the purchase by Friedman, and of the arrangement between himself and W. H. Sharp for the prosecution of litigation for recovery of the lands.

The defendant testified that he purchased and acquired title to the lands in his own name for himself alone, that the purchase was not made for the benefit of himself and Sharp, nor did Sharp contribute, or agree to contribute, either money or services for the purchase; that after he had purchased the lands with his own money, and obtained his deed, he consulted with Sharp as to the validity of the title and the prosecution of a suit to recover possession of the lands, and retained Sharp to bring suit for possession, and prosecute it to a successful issue, for which he agreed to give him an undivided one third interest in the recovery. Under that agreement Sharp brought the action, and conducted the litigation in which he recovered a judgment in December, 1869; but that judgment was set aside in March, 1871, and Friedman, having become dissatisfied with Sharp for delay in the prosecution of the suit, employed other attorneys. After that Sharp took no active part in the litigation. The other attorneys prosecuted the suit to final recovery.

Between the testimony of Friedman and that of W. H. Sharp there is a substantial conflict. But the court found that "the plaintiff never did have, by himself or tenants, or those through whom he claims, any possession or occupation of said premises, or any part thereof, as tenant in common or otherwise, and there is no evidence that plaintiff or any person under whom he claims, ever had any interest in said premises, or any part thereof, either legal or equitable.

"4. The defendant Friedman, on the 21st day of January, 1878, received the sum of $48,265.72 for and on account of his interest in the land described in the pleadings herein taken for a public park, but there is no evidence to show that plaintiff ever had any interest in said money or the land so taken for a park, or that the action against Alexander Austin mentioned in the amended complaint, was in any respect for plaintiff's benefit." And we cannot say that the court erred in basing its findings of fact upon the evidence given by the defendant.

Upon that evidence it is clear that the lands were not acquired by the services of plaintiff and the money of the defendant. The latter purchased with his own money, for himself, and not under any agreement with Sharp at the time of purchasing, or taking his deed, and there was no resulting trust in the acquisition of the property for the benefit of Sharp; nor did any arise out of the subsequent arrangement between himself and Sharp as to the prosecution of litigation for the recovery of the land. A resulting trust must grow out of the facts existing at the time of the conveyance, and cannot grow out of a mere parol agreement that the purchase shall be for the benefit of another. (*Roberts* v. *Ware*, 40 Cal. 634; *Steere* v. *Steere*, 5 Johns. Ch. 1; *Robertson* v. *Robertson*, 9 Watts. 32.)

The document relied on as a declaration of trust is as follows :—

"Rec'd, San Francisco, May 27, 1870, of Wm. H. Sharp, Esq , three hundred and sixty-eight 50-100 dollars, being his proportion of his tax and outside land assessment, to be paid by me to Alexander Austin, tax collector. The land known as the Fleischaker Tract.                    JOS. S. FRIEDMAN."

Admitting that no particular phraseology is necessary for the purpose of raising a trust, yet the intention to declare one must be clear. Now the document merely relates to a tract of land known as the Fleischaker tract, and to the receipt of a sum of money by Friedman from Sharp for the purpose of paying the latter's proportion of the "tax and outside land assessment" upon the tract. It is a coincident circumstance that the lands in controversy were parts of the Fleischaker tract, and that the receiptor had a suit pending for the recovery of these lands, which the person from whom he obtained the money was then prosecuting for their recovery. But at the same time it was admitted that Sharp had other interests in the same general tract. And all the circumstances in connection with the receipt tended to show that the transaction related to Sharp's individual interests in the tract, and not to those claimed and recovered by Friedman in his suit.

Besides, the evidence showed that the original agreement, between Sharp and Friedman, for the prosecution of the suit, had been, before the execution of the receipt, suspended by

an agreement to pay Sharp five thousand dollars, instead of an interest in the lands, for his services.   And as the services were rendered upon that agreement, it could not be made to serve as the basis for an equitable interest in the lands.

On its face the document itself does not manifest and prove a trust.   By it no lands are described, no interest is conveyed, nor does the evidence in the case show that it was the intention of the parties, in executing the document, to recognize on the part of Friedman that Sharp had any interest in the lands which Friedman was attempting to recover.

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.