MACE v. MERRILL.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Submitted December 6, 1886. — Decided January 10, 1887.

As it appears that the right of the state of California to have the lands which are in dispute in this action listed is admitted, it is held that this court is without jurisdiction over the judgment of the Supreme Court of California upon the adverse claims of the parties. *Hastings* v. *Jackson,* 112 U. S. 233, affirmed.

This was an action to try the title to a tract of land listed to California under § 8 of the act of September 24, 1841. The facts which were claimed to make a Federal question are stated in the opinion of the court.

*Mr. A. T. Britton, Mr. A. B. Browne,* and *Mr. Walter H. Smith* for plaintiff in error.

*Mr. Edward B. Merrill* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a suit begun by Mace, the plaintiff in error, against Merrill, the defendant in error, in the District Court of Los

Angeles County, California, pursuant to a reference by the surveyor-general of the state, under § 3314 of the Political Code of that state, which is as follows:

"When a contest arises concerning the approval of a survey or location before the surveyor-general, or concerning a certificate of purchase or other evidence of title before the register, the officer before whom the contest is made may, when the question involved is as to the survey, or one purely of fact, or whether the land applied for is a part of the swamp or overflowed lands of the state, or whether it is included within a confirmed grant, the lines of which have been run by authority of law, proceed to hear and determine the same; but when, in the judgment of the officer, a question of law is involved, or when either party demands a trial in the courts of the state, he must make an order referring the contest to the District Court of the county in which the land is situated, and must enter such order in a record book in his office."

The record shows that the S. E. ¼, Sec. 21, T. 2 S., R. 13 W., S. B. M. was listed to the state of California by the Secretary of the Interior on the 21st of March, 1876, as part of the 500,000 acres of land selected by the state under § 8 of the act of Congress approved September 24, 1841, c. 16, 5 Stat. 455, for the purpose of internal improvements. On the 17th of November, 1874, Mace applied to the surveyor-general of the state for the purchase of this tract. His application was on file when the land was listed. Merrill, the defendant in error, also claimed the same tract from the surveyor-general. His claim was based on an alleged location of the tract under the laws of California, and a payment therefor to the state in school warrants on the 23d of June, 1857. Such being the case, he insisted that the title of the state inured to his benefit under the provisions of §§ 1 and 3 of the act of July 23, 1866, c. 219, 14 Stat. 218, "to quiet land titles in California." Mace set up no title in himself under any statute or authority of the United States. His application was to the state, and he claimed under state authority only. It is true that if the state had the right to sell he might have the right to buy, but that right to buy would come, not from the United States, but

from the state. The court below decided that the state could not sell, because it had already sold to Merrill, and that all the title it had was held in trust for him. Mace, in his petition, did, indeed, aver that he entered into the possession of the land in 1869, with the intention of acquiring title from the United States by preëmption, and that, in 1873, he filed in the proper office his declaratory statement and offered the necessary proof; but his claim in this case is not based on any such right, the prayer of his petition being only that it may be adjudged that he "has the better right to purchase." If his rights under the preëmption laws are superior to the title of Merrill under the state's selection, it may perhaps be made a subject of litigation in another suit, where his title can be set up against that of Merrill; but in this suit, which is only to establish his right to buy from the state, no such questions can arise. His right to buy has no connection whatever with his claim of preëmption; for, as he says in his petition, "he made application to the surveyor-general of the state of California under the provisions of Title eight of the Political Code of the state, to purchase, . . . which said application was in all respects made in conformity with the requirements of the code aforesaid, and which said application has been ever since the date last aforesaid, and now is, on file in the office of the surveyor-general aforesaid;" and "the plaintiff is the owner of a school land-warrant, and under which he claims the benefit of the location of said quarter section." Had this suit been instituted by Mace to establish a right superior to that of the state, growing out of his preëmption claim, and to charge the state as his trustee on that account, the case would have been different; for then he would have set up a right under the preëmption laws of the United States, and, with a decision against him, he might be in a condition to have a review by this court. Instead of that, however, he has contented himself with seeking to buy from the state that which, it has been decided, the state had no right to sell.

It is possible, also, that, by the practice in California, Mace might have contested the title of the state before the surveyor-general, and had the case referred to the District Court for the

purpose of determining that title, and having a trust declared in his favor under the listing which had been made. The cases of *Tyler* v. *Houghton*, 25 Cal. 26, and *Thompson* v. *True*, 48 Cal. 601, 608, indicate that this might be done, but such, as we have seen, is not the purpose of this suit. For all the purposes of the present inquiry, the right of the state to have the lands listed under the act of 1841 must be considered as admitted, and the litigation confined to the contest between the parties as to which has the better right to buy from the state. According to the respective claims of the parties, Merrill did buy in 1857, and Mace made application to buy in 1874. Both claim under the state. If Merrill actually did buy, as he says he did, the title of the state inured to his benefit under the act of Congress as soon as it passed from the United States. If he did not, then, so far as the record discloses, Mace might have had the right to buy when he made application for that purpose. The determination of this question, as the case comes here, involves no Federal right in Mace which has been denied him by the decision of the court below. We consequently have no jurisdiction, and the cases of *Romie* v. *Casanova*, 91 U. S. 379, *McStay* v. *Friedman*, 92 U. S. 723 and *Hastings* v. *Jackson*, 112 U. S. 233, are directly to that effect. Indeed the case of *Hastings* v. *Jackson* is strikingly like this in its material facts.

*The writ of error is dismissed for want of jurisdiction.*