[No. 11627.  In Bank. —November 8, 1888.]

## ISABELLA LABISH, APPELLANT, v. JANE HARDY, RESPONDENT.

PUBLIC LAND — POSSESSION — CONGRESSIONAL GRANT. — A bare occupancy of public land of the United States does not vest in the occupant any rights or equities in the land, as against a subsequent congressional grant not based upon such occupancy.

ID. — SANTA CRUZ — ACT OF CONGRESS TO QUIET TITLE — BONA FIDE OCCUPANCY — HUSBAND AND WIFE — COMMUNITY PROPERTY. — A joint occupancy by a husband and wife of land in the town of Santa Cruz, which terminated by the death of the wife ten years before the passage of the act

of Congress to quiet title to lands in said town, approved July 23, 1866, was not a *bona fide* occupancy at the date of its passage, and would not constitute the land community property, as against a grant made by the town to the husband as a *bona fide* occupant at the time of the passage of the act.

QUIETING TITLE — FINDINGS — STATUTE OF LIMITATIONS. — When the findings in an action to quiet title show that the plaintiff has no title, legal or equitable, a failure to find upon an issue of the statute of limitations, presented by the defense, does not materially affect the substantial rights of the parties.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in opinion of the court.

*W. D. Storey*, for Appellant.

*Charles B. Younger*, for Respondent.

SHARPSTEIN, J. —Action to quiet title. The material question in this case is, whether the plaintiff has any title to the premises described in her complaint.

The facts upon which appellant relies as proving her title to the premises are stated in the brief of her counsel to be as follows: "In 1847 plaintiff's parents went into possession of the land in dispute, which was then public land of the United States, and continued to occupy it, together with their children, as their home until the death of plaintiff's mother, which occurred in June, 1856, at which time plaintiff was seven years old. After the death of plaintiff's mother, the father of plaintiff continued to occupy said premises as his home until his death, in 1883. In June, 1860, plaintiff's father married the defendant. In May, 1871, plaintiff's father took a deed for the premises from the corporate authorities of the town of Santa Cruz, under the act of Congress, approved July 23, 1866, entitled 'An act to quiet title to certain lands within the corporate limits of the city of Benicia, and the town of Santa Cruz'; said premises then

being within the corporate limits of the town of Santa Cruz, and public lands of the United States. On August 8, 1881, plaintiff's father made a deed of gift of the premises to the defendant. This deed was recorded, but was not properly acknowledged when this action was commenced. At the time this deed was made, the premises constituted all the property of plaintiff's father, and he never afterward acquired any property. The defendant claims the premises under this deed."

Counsel for appellant claims that "the rights and equities acquired by her parents through occupancy and possession of the premises constituted community property, one half of which belonged to her mother, and at her death, by the law as then existing, descended to and vested in her children." Conceding that to be so, what rights or equities did the parents acquire through occupancy and possession of the premises prior to the death of appellant's mother, in 1856? Ten years after the death of appellant's mother, Congress relinquished and granted the land to the corporate authorities of the town of Santa Cruz, in trust and with authority to convey it to the party in the *bona fide* occupancy of it at the date of the passage of said act. On May 13, 1871, the corporate authorities of Santa Cruz conveyed the premises to William H. Hardy, father of appellant, and husband and grantor of respondent. The beneficiaries under the act of Congress were clearly those in the *bona fide* occupancy of land in the town of Santa Cruz at the date of the passage of said act, which was ten years after the death of appellant's mother. An occupancy which terminated ten years before the passage of the act would not be a *bona fide* occupancy at the time of its passage. We are unaware of any law under which a bare occupancy of any public land of the United States vests in the occupant any rights or equities in or to the land so occupied. We think no property was acquired in the premises in controversy by either of the parents of appellant prior to

the passage of the act of Congress of July 22, 1866. And to constitute it common property, it must have been acquired after marriage, otherwise than by gift, bequest, devise, or descent.

Holding, as we do, that appellant had no title, legal or equitable, to the premises, the failure of the court to find upon the issue raised by the defendant's defense of the bar of the statute of limitations does not materially affect the substantial rights of the parties, and the error, if any, must be disregarded. We advise courts, however, in all cases to find upon the material issues raised by the pleadings. The objection to the introduction of evidence to prove that plaintiff's father was indebted to her was properly sustained, and the motion of plaintiff to amend her complaint by alleging such indebtedness was properly denied.

Judgment and order affirmed.

THORNTON, J., McFARLAND, J., PATERSON, J., and SEARLS, C. J., concurred.