that the relation of creditor and debtor no longer exists. When the plaintiff accepted the balance due on the judgment and entered a satisfaction in full, the relation of debtor and creditor ceased, and he has no other standing in court than that of a purchaser at execution sale. Whatever may have been his right as a creditor to set aside the deed because given to hinder, delay or defraud creditors, it was lost by reason of his own acts in purchasing, in terms, "the right, title and interest of T. B. Deffebach," accepting the balance due on the judgment, and acknowledging that he had received satisfaction in full. The court found that, in consideration of the payment by Lyford, as administrator of the deficiency—$1,598.60—plaintiff executed and acknowledged full satisfaction of the judgment. This finding is not assailed. D. did not convey all of his property to Lyford. He retained an equitable interest. The sheriff did not sell the land. He sold and conveyed simply the right, title and interest of D. Plaintiff paid $9,500 for that interest, as his deed shows, and the judgment became satisfied to that extent. When the administrator paid the balance, and satisfaction was entered, D. was no longer a creditor, and the rule of caveat emptor became no less applicable to his case than to that of every other purchaser under execution sale: Freeman on Executions, sec. 340; Abadie v. Lobero, supra.

Judgment and order affirmed.

We concur: Works, J.; Fox, J.

---

# LABISH v. HARDY.

## No. 12,479; December 27, 1889.

### 23 Pac. 123.

**Community Property.**—A Husband and Wife Occupied a Tract of land belonging to the United States from 1847 until 1856, when the wife died. The husband continued to occupy the land until 1871, when he received a deed to it from the town of Santa Cruz under act of Congress of July 23, 1866. Held, that the occupation by the husband and wife during her life did not operate to render the land community property, or vest the wife with any ownership whatever. Following Labish v. Hardy, 77 Cal. 327, 19 Pac. 531.

**Community Property.**—In an Action by a Daughter of the First marriage against a second wife, to whom the land had been

deeded, to recover the interest claimed by plaintiff as heir of her deceased mother, the deed will not be vacated on the ground that it was a gift, and the husband was indebted to plaintiff, and did not leave sufficient property to pay her.

APPEAL from Superior Court, Santa Cruz County; F. J. McCann, Judge.

Action by Isabella Labish against Jane Hardy to set aside a deed to quiet title to certain premises in the city of Santa Cruz. In 1847, plaintiff's parents went into possession of the land in dispute, which was then public land of the United States, and continued to occupy it, together with their children, as their home, until the death of plaintiff's mother, which occurred in June, 1856, at which time plaintiff was seven years old. After the death of plaintiff's mother, the father of plaintiff continued to occupy said premises as his home until his death, in 1883. In June, 1860, plaintiff's father married the defendant. In May, 1871, plaintiff's father took a deed for the premises from the corporate authorities of the town of Santa Cruz, under the act of Congress approved July 23, 1866, entitled "An act to quiet title to certain lands within the corporate limits of the city of Benicia and the town of Santa Cruz"; said premises then being within the corporate limits of the town of Santa Cruz and public lands of the United States. On August 8, 1881, plaintiff's father made a deed of gift of the premises to the defendant. This deed was recorded, but is alleged not to have been properly acknowledged when this action was commenced. At the time this deed was made, the premises constituted all the property of plaintiff's father, and he never afterward acquired any property. The defendant claims the premises under this deed. This action was commenced August 7, 1885. Plaintiff alleged that before that time she acquired and then owned any interest in said premises that might have descended from her mother; that after his first marriage W. H. Hardy received property and money in trust for the plaintiff upon the understanding and express promise on his part to invest and pay over the proceeds thereof to the children of his first wife, plaintiff being one of those children; that this trust was never repudiated by him, but was never carried out, and that at the time of his death he owed several hundred dollars to plaintiff on account of said

trust property; that plaintiff did not know of the deed of gift to defendant until after her father's death, and did not know until then that her father had not left sufficient property to pay her demand, exclusive of said real property. These and other pertinent facts were set up in the complaint and amended complaint. The defendant demurred and the demurrer was sustained. The plaintiff declining to further amend, judgment of dismissal was entered; and plaintiff appeals from such judgment.

W. D. Storey for appellant; Henry P. Bowie for respondent.

PER CURIAM.—We have examined the record in this case and find no error in it. The case is determined by Labish v. Hardy, 77 Cal. 327, 19 Pac. 531. Judgment affirmed.

---

HEILBRON et al. v. CAMPBELL, Judge.

No. 13,478; December 28, 1889.

23 Pac. 122.

**Judge—Disqualification.**—Under Code of Civil Procedure, section 170, disqualifying judges to act who are interested in the controversy, where three parties are adversely claiming to be the owners of a certain tract of land, one of whom is the judge, and the other two adverse litigants before him, asking him to determine which of them is the owner of the land which he claims to own, and to appoint a receiver for said land, a writ of prohibition will issue to prevent him from acting further in said cause.[1]

[1] Cited and followed in Adams v. Minor, 121 Cal. 374, 53 Pac. 816, where a bank of which the judge was a stockholder intervened, and the issues involved the validity of bonds owned by it.

Cited and followed in Meyer v. City of San Diego, 121 Cal. 110, 66 Am. St. Rep. 29, 41 L. R. A. 765, 53 Pac. 437, where the rule of disqualification was held inexorable in cases where the judge's interest is such that his rulings must affect himself. In that case the judge was a tax-payer, and the proceeding before him one to set aside a contract for waterworks, payment for which called for the issue of forty year bonds and a special tax in that connection.

Cited with approval in Meyer v. City of San Diego, 121 Cal. 106, 66 Am. St. Rep. 26, 41 L. R. A. 764, 53 Pac. 435, where it is intimated that the disqualification does not assume necessarily that a judge will have an eye to self-interest in his rulings, but rests on public policy, which is intolerant of a mere appearance of bias.